Welch, O. J.
We are asked to reverse this judgment, on the ground that the court erred in its finding upon the question of actual fraud. There certainly is evidence tending to support that finding. Where such is the case, the judgment wall not be reversed, unless a motion for a new trial upon that ground has been made and overruled, and exceptions taken thereto, as provided by the statute (2 S. & C. 1155,1156). And this rule applies as well to appealable -cases, or cases in the nature of bills in equity, as to those which are triable by jury, or in the nature of common-law actions. It also applies equally to cases where the finding of the court consists, in whole or in part, of its inferences drawn from facts or circumstances established by the evidence, but which do not give rise to any presumption of law, as it does to cases where there is a conflict of evidence as to such circumstances. It is quite evident in the present case, however, that there is some conflict of evidence as to the ultimate facts or circumstances on which the inference of fraud, or no fraud, is to be based. Suffice it to say that witnesses disagree as to whether there was any actual and valuable consideration for the conveyance. True, it appears quite plainly that if there was any such consideration, it was inadequate, and therefore the conflict is not very material. Witnesses also disagree as to other minor facts which, taken separately, amount to but little, but which taken together might well serve to turn the scale in a doubtful case. But we put the case upon the ground that we have no right, sitting as a court of error, in a case like this, to review the findings of the court below, either as to the existence of such facts and circumstances, or as *393 to the conviction which they ought to produce on the mind. To do so would be to retry the case on the evidence, instead of reviewing it on questions of law, which is all that a court of error, in the absence of statutory provision, can rightfully do.

Judgment affirmed.

White, Rex, Gilmore, and McIlvaine, JJ., concurred.